# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOHN CAPRIOLE, individually and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br><br>v.<br><br>UBER TECHNOLOGIES, INC. and DARA KHOSROWSHAHI,<br><br>    Defendants. | Case No. 1:19-cv-11941-IT |

## CLASS ACTION FIRST AMENDED COMPLAINT

**I.      INTRODUCTION**

1.      Uber is a car service, which engages thousands of drivers in the Commonwealth of Massachusetts who can be hailed and dispatched through a mobile phone application to transport riders.  Uber is based in San Francisco, California, and it does business across the United States and extensively throughout Massachusetts.

2.      As described further below, Uber has misclassified its drivers, including Plaintiff John Capriole, as independent contractors when they should be classified under Massachusetts law, Mass. Gen. L. c. 149 § 148B, as employees.  Based on the drivers' misclassification as independent contractors, Uber has unlawfully required drivers to pay business expenses (including but not limited to the cost of maintaining their vehicles, gas, insurance, phone and data expense, and other costs) in violation of Mass. Gen. L. c. 149  148, 150.  Uber has also failed to guarantee and pay its drivers minimum wage for all hours worked and it has failed to pay overtime premiums for hours worked in excess of eight hours per day or forty hours per week in violation of the Massachusetts Minimum Wage Law, Mass. Gen. L. c. 151 § 1, and the

Massachusetts Overtime law, Mass. Gen. L. c. 151 § 1A.  Uber has also failed to provide its drivers with paid sick leave at a rate of at least one hour for every thirty hours worked in violation of the Massachusetts Earned Sick Time Law, Mass. Gen. L. c. 149 § 148C.

3.  Uber has harmed drivers like John Capriole by these violations, as drivers struggle to support themselves without the employment protections mandated by the Commonwealth of Massachusetts, including paid sick leave.

4.  This harm extends not only to Uber drivers, but to the public as well, particularly as the international community is now facing a worldwide crisis in the spread of COVID-19 (the "coronavirus").  Yesterday, March 11, 2020, the World Health Organization classified the spread of this virus as a pandemic.[1]  Public health recommendations have recently advised that anyone who feels ill should stay home and not go to work.[2]  However, because Uber does not acknowledge its drivers as employees and comply with Massachusetts state law paid sick leave requirements, drivers like John Capriole will feel the need to continue working in order to support themselves, even if they feel ill.

5. Faced with the choice of staying home without pay and risking losing their access to their livelihood, including housing, food, and other necessities of living, Uber drivers across Massachusetts will continue working and risking exposing hundreds of riders who enter their car on a weekly basis to this deadly disease.  Thus, Uber's failure to comply with Massachusetts law,

---

[1]   World Health Organization, <u>WHO Director-General's opening remarks at the media briefing on COVID-19-11 March 2020</u>, https://www.who.int/dg/speeches/detail/who-director-general-s-opening-remarks-at-the-media-briefing-on-covid-19---11-march-2020 (last accessed March 11, 2020).

[2]   Center for Disease Control and Preventions, <u>Stay Home When You Are Sick</u>, https://www.cdc.gov/flu/business/stay-home-when-sick.htm (last accessed March 11, 2020).

by misclassifying its drivers as independent contractors, is creating an immediate danger, not only to Uber drivers, but to the general public as well.

6. Plaintiff brings these claims on behalf of himself and all other similarly situated pursuant to Fed. R. Civ. P. 23. He seeks recovery of damages for himself and the class, as well as declaratory and an immediate public injunction, requiring Uber to reclassify its drivers as employees in Massachusetts and comply with all wage laws, including by implementing a policy to provide drivers with paid sick leave as required by law.

## II. PARTIES

7. Plaintiff John Capriole is an adult resident of Haverhill, Massachusetts, where he has worked as an Uber driver since April 2016.

8. The above-named plaintiff has brought this action on his own behalf and on behalf of all others similarly situated, namely all other individuals who have worked as Uber drivers in Massachusetts who have not released all of their claims against Uber.

9. Defendant Uber Technologies, Inc. ("Uber") is a corporation headquartered in San Francisco, California.

10. Defendant Dara Kosrowshahi is a California resident and is the President and Chief Executive Officer of Uber. Mr. Kosrowshahi is responsible for Uber's pay practices and employment policies. As the top official for Uber, Mr. Kosrowshahi has primarly responsibility for overseeing the management of service employees employed by Uber, namely Uber drivers.

## III. JURISDICTION

11. This Court has jurisdiction over the state law claims asserted here pursuant to this Class Action Fairness Act, 28 U.S.C. § 1332(d)(2), since Defendant is a California citizen and, upon the filing of this complaint, members of the putative plaintiff class reside primarily in

Massachusetts; there are more than 100 putative class members; and the amount in controversy exceeds $5 million.

12. This Court also has jurisdiction under the Declaratory Judgment Act, 28 U.S.C. §§ 2201-02, and Rule 57 of the Federal Rules of Civil Procedure.

## IV.   STATEMENT OF FACTS

13. Uber is a San Francisco-based car service that provides transportation service in cities throughout the country, including in Massachusetts, via an on-demand dispatch system.

14. Uber offers customers the ability to hail a car service driver on a mobile phone application.

15. Uber's website has advertised that "Uber is your on-demand private driver."

16. Although classified as independent contractors, Uber drivers are employees under Massachusetts law.

17. Drivers perform a service in the usual course of Uber's business, since Uber is a car service that provides transportation to its customers, and drivers such as Plaintiff John Capriole perform that transportation service. Uber holds itself out as a transportation service, and it generates its revenue primiarly from customers paying for the very rides that its drivers perform. Without drivers to provide rides for Uber's customers, Uber would not exisit.

18. Uber also requires its drivers to abide by a litany of policies and rules designed to control the drivers' work performance. Uber retains the right to terminate drivers at any time in its discretion. Uber may terminate a driver if the driver behaves in a way that Uber believes is inappropriate or has violated one of Uber's rules or standards. Drivers are also subject to termination based on Uber's system of using customer rating feedback; drivers can be terminated in Uber's discretion if Uber deems their customer ratings to be inadequate.

19. When driving for Uber, Uber drivers are not engaged in their own transportation business. Instead, when driving Uber customers, drivers wear the "hat" of Uber. Customers cannot request specific Uber drivers; instead, Uber assigns particular rides to drivers.

20. Uber does not require drivers to possess any skill above and beyond that necessary to obtain a normal driver's license.

21. Drivers' tenure with Uber is for an indefinite amount of time.

22. Uber provides the drivers with the primary instrumentality with which they can perform servicesfor Uber because Uber only derives a benefit from the drivers' labor when they use Uber's software.

23. Uber sets the rate of pay for drivers' services and changes the rate of pay in its sole discretion.

24. At times, Uber has deducted money from drivers' fares to cover the cost of an Uber-issued iPhone, which drivers use to run Uber's software and accept ride requests.

25. Drivers must undergo background checks, receive initial training, and, in some circumstances, Uber has required drivers to attend training classes and pass a written test as a prerequisite to driving for Uber.

26. Drivers' vehicles must meet Uber's quality standards, which it determines and may change at any time at its sole discretion.

27. Uber may make promotional offers to riders that reduce drivers' income without consulting the drivers.

28. Uber monitors drivers' performance and may suspend or terminate drivers who do not accept enough rides, cancel too many rides, do not maintain high customer satisfaction

ratings, do not take what Uber deems to be the most efficient routes, or engage in other conduct that Uber, in its sole discretion, may determine constitutes grounds for suspension or termination.

29. Uber drivers are engaged in interstate commerce. At times, drivers transport passengers across state lines. Furthermore, drivers are engaged in interstate commerce insofar as they transport passengers who are within the flow of interstate commerce; indeed, passengers at times arrive from, or are traveling to, destinations out of state, such as arriving or leaving train stations or airports.

30. Uber does not reimburse drivers for any expenses they incur while working for Uber, including, but not limited to the cost of maintaining their vehicles, gas, insurance, and phone and data expenses for running the Uber Application. Drivers incur these costs as a necessary expenditure to work for Uber, which Massachusetts law requires employers to reimburse.

31. Uber has violated Massachusetts Minimum Wage Law, Mass. G. L. c. 151 § 1, by failing to assure that drivers, including John Capriole, make the applicable minimum wage for all hours worked, after accounting for their expenses and other deductions taken from their pay. The hours they work include hours spent transporting passengers, driving to pick up passengers, and driving between rides while awaiting the next ride.

32. Uber has violated the Massachusetts Overtime law, Mass. Gen. L. c. 151 § 1A by failing to pay its drivers like John Capriole the appropriate overtime premium for all overtime hours worked beyond forty per week or eight per day. John Capriole has worked more than forty hours per week at various times since he began driving for Uber in April 2016 and was never paid the appropriate premium for hours worked beyond forty per week. The hours that drivers

such as John Capriole have worked include hours spent transporting passengers, driving to pick up passengers, and driving between rides while awaiting the next ride.

33.    Uber has violated the Massachusetts Earned Sick Time, Mass. Gen. L. c. 149 § 148C law by failing to pay drivers like John Capriole earned sick time that accrues at a rate of at least one hour of sick time for every thirty hours worked.

34.    Pursuant to Mass. Gen. L. c. 149 § 150, the above-named plaintiff has filed his statutory claims with the Office of the Attorney General.

V.    **CLASS ACTION ALLEGATIONS**

35.    The class representative, John Capriole, has brought this action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of Uber drivers who have worked for Uber in Massachusetts.

36.    The class representative and other class members have uniformly been misclassified as independent contractors.

37.    The members of the class are so numerous that joinder of all class members in impracticable.

38.    Common questions of law and fact regarding Uber's conduct exist as to all members of the class and predominate over any questions affecting solely any individual members of the class.  Among the questions of law and fact common to the class are:

    a. Whether the work is performed by class members--providing transportation service to customers--is within Uber's usual course of business, and whether such service is fully integrated into Uber's business;

    b. Whether class members have been required to work under Uber's direction and control;

      c. Whether class members are engaged in an independently established business or occupation while they are transporting Uber customers;

      d. Whether class members have been required to bear the expenses of their employment, such as expenses for their vehicles, gas, and other expenses;

      e. Whether class members have suffered other violations of the Massachusetts Wage laws, as described herein.

39. The class representative is a member of the class, who suffered damages as a result of Defendant's conduct and actions alleged herein.

40. The class representative's claims are typical of the claims of the class and he has the same interests as the other members of the class.

41. The class representative will fairly and adequately represent and protect the interests of the class. The class representative has retained able counsel experienced in class action litigation and particularly in the allegations included here. The interests of the class representative are coincident with, and not antagonistic to, the interests of the other class members.

42. The questions of law and fact common to the members of the class predominate over any questions affecting only individual members, including legal and factual issues relating to liability and damages.

43. A class action is superior to other available methods for the fair and efficient adjudication of this controversy because joinder of all class members is impractical. Moreover, since the damages suffered by individual members of the class may be relatively small, the expense and burden of individual litigation makes it practically impossible for the members of the class individually to redress the wrongs done to them. The class is readily definable and

prosecution of this action as a class action will eliminate the possibility of repetitive litigation. There will be no difficulty in the management of this class action.

## COUNT I
### Declaratory Judgment
**Uniform Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202**

40. An actual controversy of sufficient immediacy exists between the Parties as to whether Uber has failed to comply with its obligations under Massachusetts law as described above.

41. Uber's conduct in misclassifying its drivers, including John Capriole, as independent contractors, failing to ensure that they are reimbursed for their necessary business expenditures, failing to ensure that they receive the minimum wage for all hours worked and overtime pay, and failing to ensure that they are paid earned sick time contravenes Massachusetts state law.

42. As a result of the factual allegations above, Plaintiff and all Uber drivers in Massachusetts have suffered actionable harm, as they are not properly compensated for their work for Uber.

43. Plaintiff seeks an order of this Court pursuant to 28 U.S.C. §§ 2201-02 and Fed. R. Civ. P. 57 declaring that, as a result of its misclassification of its drivers, Uber has violated Massachusetts law, including Mass. Gen. L. c. 149 § 148B and related wage laws described herein, and declaring that Uber must comply with the law.

44. The injunction that Plaintiff seeks is in the nature of a public injunction and is not solely for the benefit of himself and other Uber drivers. Instead, ordering Uber to comply with Massachusetts law is in the public interest because Uber's violation of the law diminishes labor

standards more generally in the Massachusetts economy and particularly in the transportation industry. Complying competitors are put at a disadvantage when companies such as Uber flout the law by misclassifying their employees as independent contractors. Public funds are also impacted by these violations because the state incurs costs in supporting and providing services to employees who are not properly paid and do not even receive minimum wage. Moreover, ordering Uber to comply with Massachusetts law is in the public interest because Uber drivers who are feeling ill who are faced with the choice of staying home without pay and risking losing their access to their livelihood (including housing, food, and other necessities of living) will continue working and risk exposing hundreds of riders who enter their cars on a weekly basis to deadly diseases, such as COVID-19 (the "coronavirus").

## COUNT II
### Independent Contractor Misclassification

45. As set forth above, Defendants have misclassified their drivers in Massachusetts as independent contractors, in violation of Mass. Gen. L. c. 149 § 148B. This claim is brought pursuant to Mass. Gen. L. c. 149 § 150.

## COUNT III
### Expense Reimbursement

46. As set forth above, Defendants have misclassified Uber drivers in Massachusetts as independent contractors, in violation of Mass. Gen. L. c. 149 § 148B. As a result of this misclassification, drivers have improperly been required to bear the expenses of their employment (such as expenses for maintaining or leasing their vehicles, insurance, gas, phone

and data charges, and other expenses), in violation of Mass. Gen. L. c. 149 §§ 148 and 148B. This claim is brought pursuant to Mass. Gen. L. c. 149 § 150.

## COUNT IV
### Violation of Massachusetts Minimum Wage Law

47. By failing to ensure that Uber drivers receive the full Massachusetts minimum wage for all hours worked, Uber has violated Mass. Gen. L. c. 151 § 1. This claim is brought pursuant to Mass. Gen. L. c. 151 § 20.

## COUNT V
### Violation of Massachusetts Overtime Law

48. By failing to pay Uber drivers time-and-a-half for all hours worked in excess of forty per week, Uber has violated Mass. Gen. L. c. 151 § 1A. This claim is brought pursuant to Mass. Gen. L. c. 151 § 1B.

## COUNT VI
### Violation of Massachusetts Earned Sick Time Law

49. By failing to pay Uber drivers earned sick time at a rate of at least one hour for every thirty hours worked, Uber has violated Mass. Gen. L. c. 149 § 148C.

WHEREFORE, Plaintiff respectfully requests this Court to:

a. Declare that Uber's actions described in this Complaint violate the rights of Plaintiff and Uber drivers throughout Massachusetts;

b. Certify this case as a class action pursuant to Mass. Gen. L. c. 149 § 150 and/or Fed. R. Civ. P. 23;

c. Issue a declaratory judgment that Plaintiff and class members are employees, not independent contractors under Massachusetts law, Mass. Gen. L. c. 149 § 148B;

d. Issue public injunctive relief in the form of an order requiring Uber to comply with the Mass. Gen. L. c. 149 §§ 148B, 148C, 148, 150, and other provisions called herein;

e. Award compensatory damages, including all expenses and wages owed, or other forms of restitution that are due to Plaintiff and the class because of their misclassification as independent contractors in an amount according to proof;

f. Award pre- and post-judgment interest;

g. Award treble damages for all wage law violations;

h. Award attorneys' fees and costs; and

i. Award any other relief to which Plaintiff and the class may be entitled.

Dated: March 19, 2020

Respectfully submitted,

JOHN CAPRIOLE, individually and on behalf of all others similarly situated,

By his attorneys,

*s/ Shannon Liss-Riordan*
Shannon Liss-Riordan, BBO# 640716
Adelaide H. Pagano, BBO# 690518
Anne Kramer, BBO# 697435
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, MA 02116
Telephone:   (617) 994-5800
Fascimile:   (617) 994-5801
Emails: sliss@llrlaw.com; apagano@llrlaw.com; akramer@llrlaw.com